UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SDG CONSTRUCTION, INC.,

                                        Plaintiff,

             -v-

ASHER TOPOROVSKY, ARIE TOPOROVSKY, *and*
VAN COURTLANDT ASSETS, LLC,

                                        Defendants.

---

25 Civ. 5344 (PAE)

<u>ORDER</u>

**PAUL A. ENGELMAYER, District Judge:**

This is a breach of contract dispute arising out of a construction project.  Currently before the Court are two motions to dismiss for lack of subject matter jurisdiction.  For the reasons that follow, the Court grants the motions.

## I.       Background

On June 26, 2025, plaintiff SDG Construction, Inc. ("SDG Construction") initiated this action against defendants Asher Toporovsky, Arie Toporovsky, and Van Courtlandt Assets, LLC ("Van Courtlandt").  Dkts. 1, 9 ("Compl.").  On October 30, 2025, the Toporovskys moved to dismiss the Complaint for lack of subject matter jurisdiction and because only SDG Construction and Van Courtlandt are parties to the underlying contract.  Dkts. 20–23 ("Toporovsky Mot.").  That same day, Van Courtlandt moved to dismiss the Complaint for lack of subject matter jurisdiction and because the contract required that any disputes be litigated in New York State Supreme Court (Bronx County).  Dkts. 24–26 ("Van Courtlandt Mot.").

On October 31, 2025, the Court set a briefing schedule, directing SDG Construction to oppose the motions to dismiss by November 13, 2025.  Dkt. 27.  No opposition was filed.  On November 18, 2025, the Court issued an order to show cause by November 28, 2025 why this

1

Court should not consider the motions unopposed. Dkt. 29. On December 2, 2025, SDG Construction filed a letter asking the Court to "put over any motion practice herein until January." Dkt. 31. On December 3, 2025, the Court denied that request. Dkt. 34. Because the Court had given SDG Construction ample opportunity to oppose the motions to dismiss, the Court stated that it would resolve the motions without the benefit of SDG Construction's input. *Id.* On December 4, 2025, SDG Construction nonetheless filed an opposition brief and supporting affirmation. Dkts. 35–36.

## II.      Discussion

Defendants argue that the Court lacks diversity jurisdiction under 28 U.S.C. § 1332, which supplies the only possible basis for subject matter jurisdiction insofar as the Complaint lacks federal claims. Toporovsky Mot. at 3; Van Courtlandt Mot. at 2–3. They argue that the parties are not diverse because two defendants, Van Courtlandt and Arie Toporovsky, are citizens of New York, of which SDG Construction is also a citizen. *Id.*

That is correct. As a limited liability company, Van Courtlandt "takes the citizenship of each of its members." *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). One member, Juana Toporovsky, resides in New York. Dkt. 21 ("Arie Toporovsky Decl.") ¶ 5; Dkt. 25-1 (LLC operating agreement listing Juana Toporovsky as member); Dkt. 21-2 (2024 tax form reflecting Juana Toporovsky's home address in White Plains, New York). Van Courtlandt is thus a citizen of New York for diversity purposes. In addition, Arie Toporovsky is a citizen of New York. Arie Toporovsky Decl. ¶ 4; Dkt. 21-2 (Arie Toporovsky's New York driver's license reflecting home address in New York). Because these defendants share the same citizenship as SDG Construction, diversity is lacking. *See St. Paul Fire & Marine Ins. Co. v.*

*Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.").[1]

In the absence of diversity jurisdiction, the Court does not have subject matter jurisdiction over this action, which brings a single breach of contract claim. *See* Compl. at 3–4. Accordingly, the Court grants the motions to dismiss. *See, e.g.*, *NYC St. Tree Consortium, Inc. v. Eber-Schmid*, No. 7 Civ. 348, 2009 WL 398726, at *4 (S.D.N.Y. Feb. 18, 2009) ("Because diversity of citizenship was the sole basis for jurisdiction in this action, the absence of diversity defeats the Court's jurisdiction and dictates dismissal.").

## CONCLUSION

For the foregoing reasons, the Court grants the motions to dismiss without prejudice to SDG Construction's ability to bring claim(s) in a court of competent jurisdiction.

The Clerk of Court is respectfully directed to terminate the motions pending at dockets 20 and 24 and to close this case.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: March 5, 2026
      New York, New York

---

[1] Consistent with the December 3, 2025 Order, Dkt. 34, the Court does not consider SDG Construction's opposition papers. Even if the Court were to consider such materials, however, they would not alter the Court's conclusion. For example, SDG Construction provides a webpage from the New York Department of State Division of Corporations, which reflects Van Courtlandt's New Jersey address. Dkt. 36-1. But the citizenship of an LLC for diversity purposes is not based on its address. *See, e.g.*, *Salameno v. Rawlings*, No. 19 Civ. 4442, 2020 WL 9256545, at *8 (S.D.N.Y. Sept. 17, 2020) ("For diversity purposes, the state in which an LLC . . . has its headquarters[] is irrelevant."). SDG Construction thus fails to overcome defendants' showing that Van Courtlandt is a New York citizen.

3